■ In the Matter of BRONX COMMITTEE FOR TOXIC FREE
SCHOOLS et al., Respondents, v NEW YORK CITY SCHOOL CON-
STRUCTION AUTHORITY et al., Appellants. [927 NYS2d 45]—

Respondents' contentions notwithstanding, the long-term monitoring measures, developed and implemented in their entirety after the final EIS was issued in October 2006, constituted "changes proposed for the project" (6 NYCRR 617.9 [a] [7] [i] [a]). Given, among other things, the Department of Environmental Conservation's July 2006 directive to SCA to develop a site management plan, which by definition under the applicable Brownfield Cleanup Program (BCP) (see ECL art 27, tit 14) regulations includes a long-term monitoring plan (see 6 NYCRR 375-1.2 [at]; 375-1.6 [c] [1] [iv]), it is evident that information about long-term monitoring measures was of sufficient "importance and relevance" to warrant the preparation of a supplemental EIS (6 NYCRR 617.9 [a] [7] [ii] [a]).

By failing to make any mention of the need for long-term monitoring in the initial EIS, SCA frustrated the purpose of SEQRA, which is to subject agency actions with environmental impact to public scrutiny (see ECL 8-0109; 6 NYCRR 617.1 [c]). Indeed, there is no record evidence that SCA took the requisite "hard look" at the issue of long-term maintenance and monitoring of remediation measures until 2008, when it issued its final site management plan (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]). This constitutes a failure of the agency's obligations under SEQRA (see Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown, 24 AD3d 1312 [2005], appeals dismissed 7 NY3d 803 [2006]; Matter of Penfield Panorama Area Community v Town of Penfield Planning Bd., 253 AD2d 342, 349 [1999]).

Nor does the fact that SCA was acting under the BCP shield the remediation measures from SEQRA scrutiny. BCP remediation measures that "commit the . . . agency to specific future uses or actions" are subject to SEQRA review (6 NYCRR 375-3.11 [b] [1] [i]). The final site management plan provided that the Mott Haven School Campus site could be used for a school campus only, thus committing SCA to a specific site use. In any event, the BCP remediation measures applied only to the BCP area, whereas most of the site was not subject to the BCP and nonetheless was subject to SEQRA review.

Respondents contend that, because SCA was relying on BCP procedures, it could appropriately defer consideration of long-term monitoring measures until the completion of remediation. As noted, however, SCA's participation in the BCP did not exempt the project's environmental impacts from SEQRA scrutiny, and under SEQRA it was impermissible for SCA to omit a known remediation issue from the EIS with the idea of taking up that issue at a later date (*see Penfield*, 253 AD2d at 349).

We reject respondents' contention, raised in their motion for renewal and reargument, that SCA's development of the final site management plan (SMP), which entailed circulation of a draft for public comment, obviates any need for a supplemental EIS. The SMP is not a supplemental EIS, and respondents have not established that the development of the SMP followed the procedures for the preparation of a supplemental EIS. Since SEQRA procedures must be strictly complied with (*see Matter of King v Saratoga County Bd. of Supervisors*, 89 NY2d 341, 347 [1996]), SCA's issuance of the final SMP did not cure the deficiencies in the final EIS. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.